1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9   STEPHEN R. FEGAN,                                CV F   06-00531 OWW DLB HC

10                              Petitioner,          FINDINGS AND RECOMMENDATIONS
                                                     REGARDING PETITION FOR WRIT OF
11          v.                                       HABEAS CORPUS

12                                                   [Doc. 1]
     SCRIBNER, Warden,

13
                                Respondent.
14   _____/

15

16          Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

17   pursuant to 28 U.S.C. § 2254.

18          Petitioner filed the instant petition on April 10, 2006 in the United States District Court

19   for the Southern District of California.  The petition was transferred to this Court on May 3,

20   2006.  Petitioner is challenging his Merced County 1995 conviction and sentence for two

21   homicides, burglary, arson, and abduction of a child.  (Petition, at 3.)  A review of this Court's

22   records and files reveals that Petitioner previously filed a petition for writ of habeas corpus

23   pursuant to § 2254, challenging the same conviction as that in the instant petition.  See Stephan

24   R. Fegan v. Ernie Roe, CV-F-99-6427 OWW LJO P.[1]   This action was denied on the merits, and

25   Petitioner's request for a certificate of appealability was denied by the United States Court of

26   Appeals for the Ninth Circuit.  (Court Docs. 24, 28, 30, 39.)  On September 23, 2004, the Ninth

27   _____

28          [1] The Court notes for the record that the California Department of Corrections Inmate Number, J-91303, is
     the same in both cases.

1

1 Circuit also denied Petitioner's application for authorization to file a second or successive § 2254

2 petition.  (Court Doc. 42.)

3                                    **DISCUSSION**

4          Because the current petition was filed after April 24, 1996, the provisions of the

5 Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply to Petitioner's current

6 petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997). A federal court must dismiss a second or

7 successive petition that raises the same grounds as a prior petition.  28 U.S.C. § 2244(b)(1).  The

8 court must also dismiss a second or successive petition raising a new ground unless the petitioner

9 can show that 1) the claim rests on a new, retroactive, constitutional right or 2) the factual basis

10 of the claim was not previously discoverable through due diligence, and these new facts establish

11 by clear and convincing evidence that but for the constitutional error, no reasonable factfinder

12 would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B).

13 However, it is not the district court that decides whether a second or successive petition meets

14 these requirements, which allow a petitioner to file a second or successive petition.

15          Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by

16 this section is filed in the district court, the applicant shall move in the appropriate court of

17 appeals for an order authorizing the district court to consider the application." In other words,

18 Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive

19 petition in district court.  See Felker v. Turpin, 518 U.S. 651, 656-657 (1996).  This Court must

20 dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave

21 to file the petition because a district court lacks subject-matter jurisdiction over a second or

22 successive petition. Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997); Greenawalt v.

23 Stewart, 105 F.3d 1268, 1277 (9th Cir. 1997), *cert. denied*, 117 S.Ct. 794 (1997);  Nunez v.

24 United States, 96 F.3d 990, 991 (7th Cir. 1996).

25          A second or successive petition for habeas corpus is not considered "successive" if the

26 initial habeas petition was dismissed for a technical or procedural reason versus on the merits.

27 See Slack v. McDaniel, 529 U.S. 473, 485-87 (2000) (holding that a second habeas petition is not

28 successive if the initial habeas petition was dismissed for failure to exhaust); Stewart v.

1   Martinez-Villareal, 523 U.S. 637, 643-45 (1998) (a second habeas petition is not successive if the

2   claim raised in the first petition was dismissed by the district court as premature.)

3        Because the prior petition in CV-F-99-6427, was denied on the merits, it therefore bars

4   further litigation challenging that same conviction, absent permission to file a second or

5   successive petition.  Petitioner makes no showing that he has obtained prior leave from the Ninth

6   Circuit to file his successive petition attacking the conviction.  That being so, this Court has no

7   jurisdiction to consider Petitioner's renewed application for relief from that conviction under

8   Section 2254 and must dismiss the petition.  See Greenawalt, 105 F.3d at 1277; Nunez, 96 F.3d

9   at 991.  If Petitioner desires to proceed in bringing this petition for writ of habeas corpus, he must

10  file and be granted leave to do so by the Ninth Circuit Court of Appeals.  See 28 U.S.C. § 2244

11  (b)(3).

12  **RECOMMENDATION**

13       Accordingly, IT IS HEREBY RECOMMENDED that the petition for writ of habeas

14  corpus be DISMISSED, without prejudice, as a successive petition.

15       These Findings and Recommendations are submitted to the assigned United States

16  District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-

17  304 of the Local Rules of Practice for the United States District Court, Eastern District of

18  California.  Within thirty (30) days after being served with a copy, any party may file written

19  objections with the court and serve a copy on all parties.  Such a document should be captioned

20  "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections

21  shall be served and filed within ten (10) court days (plus three days if served by mail) after

22  service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to

23  28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the

24  specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951

25  F.2d 1153 (9th Cir. 1991).

26       IT IS SO ORDERED.

27     **Dated:   July 17, 2006**          **/s/ Dennis L. Beck**
    3b142a                            UNITED STATES MAGISTRATE JUDGE

28